[Cite as *Dervin v. Christopher Cox Ins. & Invests., Inc.*, 2024-Ohio-1304.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALBERT H. DERVIN, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER COX INSURANCE | : | Case No. 2023CA00152 |
| & INVESTMENTS, INC, et al. | : | |
| | : | |
| Defendants | : | |
| | : | |
| And | : | O P I N I O N |
| | : | |
| JACK MORRISON, JR. and AMER | : | |
| CUNNINGHAM CO., LPA | : | |
| | : | |
| Appellants | : | |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2019 CV 00999

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      April 4, 2024

APPEARANCES:

For Appellees

LAURA L. MILLS
PIERCE C. WALKER
Mills, Mills, Fiely & Lucas, LLC
101 Central Plaza South, Suite 1200
Canton, Ohio 44702

For Appellants

ORVILLE L. REED, III
HAMILTON DESAUSSURE, JR.
DAVID W. HILKERT
Stark & Knoll Co., L.P.A.
3475 Ridgewood Rd.
Akron, Ohio 44333

*Baldwin, J.*

### STATEMENT OF THE FACTS AND THE CASE

{¶1}   In 2001, Christopher C. Cox and appellee Albert H. Dervin formed Christopher Cox Insurance and Investments, Inc., each as a 50% shareholder. The parties executed a five-page Shareholders Agreement to govern the business.

{¶2}   On May 6, 2019, following years of disagreement between the parties, the appellee filed a Complaint for Judicial Dissolution pursuant to R.C. 1701.91(A)(4) against both Cox and Cox Insurance and Investments, Inc. (hereinafter collectively referred to as "Cox".) On June 6, 2019, Cox filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction citing a mandatory arbitration clause within the Shareholders Agreement, and on June 28, 2019 he filed a Motion to Stay Proceedings Pending Arbitration. The trial court found the matter was properly before it pursuant to R.C. 1701.91, and on July 16, 2019, denied without opinion Cox's Motion to Stay Proceedings Pending Arbitration.

{¶3}   Cox appealed to this Court, arguing that the trial court erred by denying a motion to stay proceedings pending arbitration without setting forth any findings or reasoning; and, that the trial court erred by denying the motion to stay pending arbitration. We affirmed on January 27, 2020, finding that the issue before us was whether or not the Shareholder's Agreement compelled the parties to arbitrate the dissolution of the corporation, and that we were able to infer that the trial court found the matter was not subject to arbitration when it denied the motion to stay; and, further, that the winding up of a corporation is not a "dispute" contemplated by the Shareholder Agreement. *Dervin v. Christopher Cox Insurance & Investments, Inc.,* 5th Dist. Stark No. 2019CA00116, 2020-Ohio-260.

{¶4} On October 23, 2019, during the course of the trial and appellate proceedings in this matter, the appellee filed a second complaint against Christopher Cox individually in which he claimed that Cox converted and misappropriated corporate assets by, inter alia, retaining the appellants to represent the interests of the company in this case. See, *Dervin v. Cox,* Stark County Court of Common Pleas, Case No. 2019CV02115 (*Dervin 2.*) The trial court stayed *Dervin 2* until this Court's determination on the first appeal. On February 12, 2020, following this Court's January 27, 2020 decision in *Dervin*, supra, the trial court in *Dervin 2* issued a judgment entry consolidating *Dervin 2* with the within matter.

{¶5} On October 24, 2019, Christopher Cox Insurance & Investments, Inc. dba Cox & Dervin Insurance filed a Verified Complaint for Misappropriation of Trade Secrets, Tortious Interference with Business Relations, Civil Conspiracy, Temporary Restraining Order, and Preliminary and Permanent Injunctive Relief against defendants Amy K. Dervin, c/o Dervin Insurance Group, Inc.; Dervin Insurance Group, Inc., c/o Amy K. Dervin, Statutory Agent; Pretorious Agency Inc. nka Dervin Insurance Group, Inc.; and, Dervin Insurance Group, Inc. dba Pretorious Coleman Insurance Agency. See, *Christopher Cox Insurance & Investments, Inc. dba Cox & Dervin Insurance v. Dervin, et al.,* Stark County Court of Common Pleas, Case No. 2019CV02125 (*Dervin 3.*)

{¶6} On May 16, 2022, the trial court granted the appellee's motion for judicial dissolution of the business and appointment of a receiver, and on June 21, 2022 issued an Order Appointing Receiver, naming the receiver and setting forth the terms of the receivership. On June 24, 2022, Cox appealed the appointment of a receiver to this court in Fifth District Court of Appeals Case No. 2022CA00085.

{¶7}   Eventually a settlement was reached, and on January 13, 2023 a Confidential Settlement Agreement and Release ("Settlement Agreement") was entered into by Christopher C. Cox, appellee Albert H. Dervin, and Christopher Cox Insurance and Investments, Inc. dba Cox and Dervin Insurance.  The Settlement Agreement contained a paragraph entitled "Release" which provided that the parties released and discharged each other "on behalf of themselves and their heirs, executors, predecessors, successors, attorneys, agents, representatives, and assigns." In addition, the Settlement Agreement contained a paragraph entitled "Dismissal of Lawsuits and Acknowledgement of Settlement" which provided that the parties agreed, within five days of execution of the Agreement, to dismiss with prejudice Stark County Court of Common Pleas Case Numbers 2019CV0099 and 2019CV02125, and Court of Appeals Case No. 2022CA00085. The Settlement Agreement was signed by Christopher Cox, Individually; Christopher Cox Insurance and Investments, Inc. dba Cox and Dervin Insurance, by Christopher C. Cox as President; Albert H. Dervin; Jude Streb, Esq., as Counsel for Dervin; Jack Morrison, Jr., Esq., as Counsel for Cox and the Agency; and, Amy K. Dervin.

{¶8}   On January 17, 2023, an Agreed Dismissal Entry was filed with the trial court in this matter. On January 17, 2023 the parties also submitted an Agreed Judgment Entry to this Court in Case No. 2022CA00085, and on January 19, 2023 this Court issued a Judgment Entry dismissing the appeal based upon the parties' agreed entry of dismissal. On January 20, 2023 the parties in *Dervin 3* (Stark County Court of Common Pleas Case No. 2019CV02125) filed a Dismissal Entry.

{¶9}   On August 28, 2023, appellee Dervin, together with Dervin & Associates, Inc., fka Christopher Cox Insurance & Investments, Inc., dba Cox & Dervin Insurance;

Dervin Insurance Group, Inc.; and, Amy K. Dervin filed a professional tort complaint against appellants Jack Morrison, Jr. Esq. and Amer Cunningham Co., L.P.A. alleging legal malpractice and abuse of process. See, *Dervin & Associates, Inc., et al., v. Amer Cunningham Co., L.P.A., et al.,* Stark County Court of Common Pleas, Case No. 2023CV01548.

{¶10} On October 4, 2023, the appellants filed a Motion to Enforce Settlement Agreement with the trial court in this case, arguing that the claims set forth in the legal malpractice and abuse of process complaint violated the terms of the Settlement Agreement. More specifically, the appellants argued that they are covered by the terms of the Settlement Agreement and/or are third party beneficiaries of the Agreement, and are therefore released from all claims; that the claims raised by the legal malpractice complaint are subject to res judicata; and, that the claims of Amy Dervin and her company are also barred by the Settlement Agreement. The appellee filed a Motion to Strike the Motion to Enforce Settlement Agreement, and also filed a brief in opposition to the Motion to Strike. Briefs in support and reply briefs were filed addressing the various issues raised by the parties.

{¶11} On October 19, 2024, the trial court issued a one page Judgment Entry Granting Motion to Strike Motion to Enforce Settlement in which it outlined the dates of the various briefs filed by the parties and held simply that "[u]pon review, [appellee's] motion to strike the motion to enforce settlement is granted." The trial court's entry did not set forth any analysis or reasoning for its decision to sustain the appellee's motion to strike.

**{¶12}** The appellants filed a timely Notice of Appeal on November 17, 2023, setting forth the following assignments of error:

**{¶13}** "I. WHEN A PARTY ADVANCES MULTIPLE GROUNDS FOR STRIKING A MOTION, A TRIAL COURT ERRED TO THE PREJUDICE OF THE NON-MOVANT BY SIMPLY STRIKING THE MOTION, WITHOUT ALSO PROVIDING ANY EXPLANATION OF ITS REASON OR REASONS FOR SO RULING."

**{¶14}** "II. ASSUMING, ARGUENDO, THAT THE TRIAL COURT CONCLUDED THAT APPELLANTS LACKED STANDING OR WERE NOT REAL PARTIES IN INTEREST ENTITLED TO ENFORCE THE SETTLEMENT, IT ERRED TO THE PREJUDICE OF APPELLANTS."

**{¶15}** "III. ASSUMING, ARGUENDO, THAT THE TRIAL COURT CONCLUDED THAT IT SHOULD ABSTAIN FROM EXERCISING PERSONAL JURISDICTION OVER APPELLEES, IT ERRED TO THE PREJUDICE OF APPELLANTS."

**{¶16}** "IV. ASSUMING, ARGUENDO, THAT THE TRIAL COURT REACHED THE MERITS AND CONCLUDED THAT APPELLANTS WERE NOT ENTITLED TO ENFORCE THE SETTLEMENT, IT ERRED TO THE PREJUDICE OF APPELLANTS." [1]

---

[1] In addition to the arguments set forth in his appellee brief, the appellee filed a motion to strike assignment of error number four, arguing that the issue raised by the same is not properly before this Court since the trial court did not rule on the merits of the appellants' arguments.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶17} In their first assignment of error, the appellants argue that the trial court erred in granting the appellee's motion to strike without setting forth any explanation of its reason or reasons for so ruling. We agree.

{¶18} At the time of the trial court's ruling, it had before it the following:

1. The appellants' October 4, 2023 Motion to Enforce Settlement Agreement, in which the appellants argued that they were released from claims for malpractice and abuse of process by the terms of the Settlement Agreement; that they are third party beneficiaries of the Agreement; that the Agreement acts as res judicata regardless of the terms of the release; and, that because Amy Dervin also signed the Agreement her claims and those of her company against the appellants were also barred by the terms of the Agreement;

2. The appellee's October 12, 2023 Motion to Strike, in which he argued that the appellants were non-parties to the Settlement Agreement and therefore did not have standing to enforce the Agreement;

3. The appellee's October 13, 2023 Response in Opposition to Motion to Enforce Settlement Agreement, in which he argued that the appellants' res judicata arguments were not properly before the court and should instead be raised in a motion to dismiss in the malpractice matter. In addition, the appellee utilized the metadata contained in the Settlement Agreement to argue that while there may be an ambiguity in the language of the Settlement Agreement, the draft redlines found in the metadata

clearly illustrate that the parties did not intend for their respective attorneys to be covered by the terms of the Agreement. The appellee argued that principles of contract interpretation precluded the trial court's consideration of the motion to enforce settlement agreement, and attached an email which contained redlined versions of the Settlement Agreement, Stock Redemption Agreement, and the Insurance Producer Agreement;

4. The appellants' October 13, 2023 Reply Brief in Support of Motion to Enforce Settlement Agreement, which contained arguments in opposition to the Motion to Strike. The appellants' Reply Brief included a reference to paragraph 11 of the Settlement Agreement, which they submitted states that persons and entities referred to in Section 4 of the Agreement who are not parties are third-party beneficiaries. Based upon this argument, they asserted that they are third party beneficiaries of the Agreement and therefore have standing to seek its enforcement;

5. The appellant's October 17, 2023 Reply to Plaintiff's Second Opposition to Motion to Enforce Settlement Agreement, in which the appellants submitted arguments regarding the language contained in the Settlement Agreement, and that the extrinsic metadata evidence submitted by the appellee is parole evidence, was not properly before the trial court, and should not be considered at all and/or used to change the terms of the contract; and,

6. The appellee's October 18, 2023 Reply Brief in Support of Motion to Strike, in which he argued that a motion to strike can be used to attack

the sufficiency of the motion to enforce, and that the appellants are not third party beneficiaries the Settlement Agreement and therefore do not have standing to enforce it.

{¶19} The trial court's October 19, 2023 Judgment Entry Granting Motion to Strike Motion to Enforce Settlement states in its entirety:

> This matter came before the Court upon a motion to enforce settlement filed by Jack Morrison Jr. and the law firm of Amer Cunningham Co. LPA (Morrison) on October 4, 2023. Plaintiff filed a Motion to Strike on October 12, 2023. Plaintiff also filed a Response in Opposition on October 13, 2023. Morrison filed Reply Briefs on October 13, 2023, and October 17, 2023.
>
> Upon review, Plaintiff's motion to strike the motion to enforce settlement is **GRANTED**.
>
> **IT IS SO ORDERED.**

{¶20} Based upon the language contained in the trial court's judgment entry, we are unable to discern which reason or reasons it relied upon in granting the appellee's Motion to Strike. The trial court provided no legal analysis, nor its reasoning, for granting the motion. There is no discussion by the trial court regarding whether it found that the appellants were not covered by the terms of the settlement agreement, whether it found that the appellants were not third-party beneficiaries of the agreement, or whether it considered the appellants' res judicata argument. Further, there is no discussion regarding the fact that the Settlement Agreement was signed by Amy Dervin, or the fact that it specifically mentioned dismissal of cases other than the one before the trial court.

Finally, there is no discussion regarding the metadata redline drafts, whether said evidence was considered by the trial court, or if it was even properly before the court.

**{¶21}** This Court addressed a similar issue in *Premier Homes, Inc. v Hanna Commercial, LLC,* 5th Dist. Stark No. 2017CA00135, 2018-Ohio-1126, in which we stated:

> Because we cannot determine which reason(s) the trial court based its decision on, we hereby reverse the June 26, 2017 judgment entry and remand the matter to the trial court to enter a new judgment entry with specific reasoning. This court's reversal in no way should be construed as a decision on the merits, as we are unable to reach the merits given the sparse language of the judgment entry.

*Id.* at ¶21.

**{¶22}** Just as in *Premier,* we are unable to determine the reasons upon which the trial court based its decision.[2] We therefore sustain the appellant's first assignment of error, and reverse and remand the matter to the trial court to enter a new judgment entry in which it sets forth its specific reasoning for its decision. Because we are unable to render a decision on the merits given the sparse language of the trial court's judgment entry, our decision in no way constitutes a decision on the merits of this matter.

---

[2] The facts of the appeal currently before us are distinguishable from those in *Dervin v. Christopher Cox Insurance & Investments, Inc.,* 5th Dist. Stark No. 2019CA00116, 2020-Ohio-260, in which the issue, whether dissolution of the company was subject to the arbitration provision of the Shareholder's Agreement, could be inferred to be the sole issue upon which the trial court based its decision to deny the motion to stay pending arbitration. In this case, we cannot infer the reasoning of the trial court in light of the numerous arguments submitted by the parties in their various briefs.

**ASSIGNMENTS OF ERROR NUMBERS TWO THROUGH FOUR**

{¶23} Based upon our determination regarding assignment of error number one, assignments of error numbers two through four are moot.

**CONCLUSION**

{¶24} The judgment of the Stark County Court of Common Pleas, General Division is hereby reversed, and the matter remanded to the court for further proceedings consistent with this opinion.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.